CHRISTOPHER J. PASSARELLI, SBN 241174
JOY L. DURAND, SBN 245413
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Ste. 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
Teeter-Totter, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEETER-TOTTER, LLC, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. TRADEMARK INFRINGEMENT**<br>**2. COPYRIGHT INFRINGEMENT** |
| PALM BAY INTERNATIONAL, INC., | **3. UNFAIR COMPETITION** |
| PALM WINE HOLDINGS, LLC, | **4. TRADEMARK CANCELLATION** |
| J VINEYARDS & WINERY LLC D/B/A | |
| AU CONTRAIRE, RB WINE | **DEMAND FOR JURY TRIAL** |
| ASSOCIATES, LLC | |
| Defendants. | |

Plaintiff, Teeter-Totter, LLC ("Teeter-Totter" or "Plaintiff"), for its complaint against Defendants, Palm Bay International, Inc. ("Palm Bay"), Palm Wine Holdings, LLC ("Palm Wine Holdings"), J Vineyards & Winery d/b/a Au Contraire ("Au Contraire"), RB Wine Associates, LLC ("RB Wine") and DOES 1-14 (collectively, "Defendants") alleges as follows:

### NATURE OF ACTION

1.      This is an action for federal trademark infringement and unfair competition (15 U.S.C. §§ 1114, 1125), violation of the California Model State Trademark Law (Cal. Bus. & Prof. Code §§ 14200 *et seq.*), indirect trademark infringement, common law trademark infringement and unfair competition, federal copyright infringement (17 U.S.C. § 501), indirect

1  copyright infringement, violation of the California Business and Professions Code § 17200, *et*

2  *seq*., and cancellation of Defendants' registered trademark (No. 4,757,065).

3      2.      This action arises out of  Defendants' willful and unauthorized use of colorable

4  imitations of Plaintiff's original wine label artwork (the "Teeter-Totter Design Mark"), and

5  fraud perpetrated against the United States Patent and Trademark Office ("USPTO").  Plaintiff

6  seeks permanent injunctive relief restraining Defendants' infringement of the Teeter-Totter

7  Design Mark, monetary damages, attorneys' fees and related relief.

8                                    **THE PARTIES**

9      3.      Plaintiff is a California limited liability company having a principal place of

10  business at 1477 Oak Avenue, Saint Helena, CA, 94574.

11      4.      Upon information and belief, Defendant Palm Bay is a Florida corporation with

12  its principal place of business at 48 Harbor Park Drive, Port Washington, NY, 11050, and

13  places of business at 301 Yamato Road, Suite 3130, Boca Raton, FL, 33231, and 855 Bordeaux

14  Way, Napa, CA, 94558.

15      5.      Upon information and belief, Defendant Palm Wine Holdings is a Delaware

16  limited liability company with its principal place of business at 48 Harbor Park Drive, Port

17  Washington, NY, 11050.

18      6.      Upon information and belief, Defendant Au Contraire is a California limited

19  liability company having a principal place of business at 11447 Old Redwood Highway,

20  Healdsburg, CA, 95448.

21      7.      Upon information and belief, Defendant RB Wine is a California limited

22  liability company having a principal place of business at 499 Moor Lane, Healdsburg, CA,

23  95448.

24      8.      Plaintiff is currently ignorant of the true names and capacities of the defendants

25  sued herein as DOES 1 through 10, inclusive, and therefore sues said defendants by fictitious

26  names. Plaintiff will amend this complaint when the true names and capacities of said

27  defendants have been ascertained. Plaintiff is informed and believes and based thereon alleges

28  that said DOES, and each of them, are legally responsible in some manner for the events and

happenings referred to herein, and proximately caused or contributed to the injuries and damages to Plaintiff as herein alleged.

9.     Upon information and belief, each and every defendant herein is or was the agent and/or employee of the remaining defendants, and in doing the things herein alleged acted within the course and scope of said agency and employment.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over Plaintiff's claim under 15 U.S.C. §§ 1121, 1131, and 1338(a). This Court also has supplemental jurisdiction over all related claims herein in accordance with 28 U.S.C. §§ 1338(b) and 1367(a).

11.     Upon information and belief, Defendants are located within the State of California, and either directly or through their agents transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district.

12.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391, as Defendants are residents doing business in this judicial district and therefore may be found in this district, as a substantial part of the events giving rise to Plaintiff's claims alleged herein occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

13.     Pursuant to Civil Local Rule 3-2(c), as relief is being sought in relation to an intellectual property claim, this action may be assigned on a district-wide basis and is therefore proper in any division.

## GENERAL ALLEGATIONS

14.     Plaintiff is the owner of the word trademark TEETER-TOTTER for wines, first used in commerce on October 25, 2013, including federal Trademark Registration No. 4,557,117 for the mark TEETER-TOTTER in International Class 33, having a filing date of April 11, 2013 and issuance date of June 24, 2014. A copy of the USPTO Registration

1   Certificate and current Trademark Electronic Search System ("TESS") printout showing its

2   LIVE status and title ownership by Plaintiff is included as Exhibit A, hereto.

3       15.     Plaintiff is the owner of the Teeter-Totter Design Mark, including the California

4   Trademark Registration No. 122,196 (a copy of which is included as Exhibit B hereto, the "CA

5   Teeter-Totter Design Mark Registration") and federal Trademark Application Ser. No.

6   87/580,240 (comprising the same image), both for alcoholic beverages except beers in

7   International Class 33. A copy of the current TESS printout for Appln. Ser. No. 87/580,240

8   showing its LIVE status and title ownership by Plaintiff is included as Exhibit C, hereto.

9       16.     The Teeter-Totter Design Mark consists of original artwork owned by Plaintiff.

10  Design work on the Teeter-Totter original artwork began in or around February 2013 and was

11  completed on or around April 17, 2013.

12      17.     The Teeter-Totter Design Mark is a drawing of a rudimentary teeter-totter with

13  a mouse on the lower left side of a fulcrum and an elephant on the upper right side. A striking

14  feature of the original artwork is that the mouse is at ground level, with the elephant on the

15  elevated right end of the teeter-totter.

16      18.     The creation and development of the Teeter-Totter Design Mark required

17  substantial investment of capital, as well as time, artistic vision, and creative effort.

18      19.     Plaintiff and its predecessor have used the TEETER-TOTTER word mark and

19  the Teeter-Totter Design Mark on wine labels in commerce since as early as October 25, 2013.

20      20.     Plaintiff's founder acquired the Internet URL <teeter-totter.com> on or around

21  November 1, 2013. Plaintiff has since engaged in significant efforts to optimize search engine

22  results for its TEETER-TOTTER branded wines, such that upon information and belief,

23  Plaintiff enjoys a premier position among organic search results on established search engines,

24  and Plaintiff's TEETER-TOTTER wine is the first Internet search result for "teeter totter wine"

25  on most major commercial search engines (apart from paid advertising), including: Google

26  (where the first three pages of search results consist completely and exclusively of Plaintiff's

27  TEETER-TOTTER wine), as well as Bing, Yahoo, Ask.com, and dogpile.

28

4

21.     On November 7, 2013, the Alcohol and Tobacco Tax and Trade Bureau ("TTB") within the U.S. Department of Treasury issued a Certificate of Label Approval ("COLA") concerning a wine label which incorporates both the TEETER-TOTTER word mark as a brand name and the Teeter-Totter Design Mark owned by Plaintiff. A copy of that COLA is included as Exhibit D, hereto.

22.     Plaintiff and its predecessor in interest have produced and sold wine in interstate commerce under the TEETER-TOTTER word mark and the Teeter-Totter Design Mark since 2013. Plaintiff offers the wine for sale to consumers throughout the U.S., its territories (e.g., Puerto Rico), and overseas. Within a four-year span, sales of Plaintiff's Teeter-Totter wine has exceeded $2.2 Million in total sales.

23.     Plaintiff's TEETER-TOTTER wine has been favorably reviewed, including an aggregated score of 90 and 4.5/5-star user ratings on <wine-searcher.com>, a 95+ score from Wine Spectrum, a 90 point rating by acclaimed wine critic Robert Parker and the publication Wine Advocate, a rating of 92 on <cellartracker.com>, and a rating of 95 on <californiawineadvisors.com> for Teeter-Totter Cabernet Sauvignon.

24.     As evidenced by Plaintiff's sales and recognition for the TEETER-TOTTER brand, Plaintiff owns extremely valuable goodwill in both the TEETER-TOTTER word mark and the Teeter-Totter Design Mark, and the marks have extraordinary financial value.

25.     The TEETER-TOTTER word mark and the Teeter-Totter Design Mark are inherently distinctive.

26.     As a result of the widespread, continuous distribution, promotion, sale and critical acclaim of the TEETER-TOTTER brand wine, the TEETER-TOTTER word mark and the Teeter-Totter Design Mark also have acquired distinctiveness among wine consumers.

27.     On February 18, 2014, well after the introduction of the TEETER-TOTTER word mark and the Teeter-Totter Design Mark in commerce, Defendant Palm Wine Holdings adopted a strikingly similar wine label for its California wine and filed federal Trademark Application Ser. No. 86/213,179 for a corresponding word plus design mark (the "Infringing Mark") on an intent-to-use basis. The literal element of the Infringing Mark is AU

CONTRAIRE. The design elements of the Infringing Mark include the same design elements as the Teeter-Totter Design Mark: a drawing of a rudimentary teeter-totter, with a mouse on the lower left side and an elephant on the upper right side. As in the Teeter-Totter Design Mark, the mouse in the infringing design outweighs the elephant, with the elephant elevated on the upper right end of the teeter-totter. Figure 1, below, consists of a side-by-side comparison of the Teeter-Totter Design Mark (on the left) with the Infringing Mark (on the right).

 

**Figure 1. Side-by-side comparison of Plaintiff's label (left) with Defendants' label (right).**

28.     As required by the USPTO, when submitting the trademark application for the Infringing Mark, Palm Wine Holdings declared under oath that no other persons had the right to use the Infringing Mark or confusingly similar marks in commerce.

29.     On March 26, 2015, Palm Wine Holdings asserted in a filing to the USPTO that it had begun using the Infringing Mark as of April 24, 2014, in connection with wine.[1] The trademark application for the Infringing Mark matured into federal Trademark Registration No. 4,757,065 on October 7, 2014.

30.     Upon information and belief, since about April 24, 2014, Defendants have sold and distributed, and continue to sell and distribute, wine using the Infringing Mark to various consumers and retailers that sell alcohol beverage products in California and throughout the

---

[1] Incidentally, April 24, 2014 was the same date on which Plaintiff submitted its Statement of Use and wine bottle specimen to the USPTO for the TEETER-TOTTER word mark application which matured into U.S. Reg. No. 4,557,117.

U.S., including in this judicial district. For example, Defendants' AU CONTRAIRE wine is currently listed for sale on the websites of one or more internet wine retailers, such as www.totalwine.com, www.wine.com, and www.winexpress.com.

31.     Upon information and belief, prior to filing Application Ser. No. 86/213,179 and prior to adopting the Infringing Mark for wine, Defendants were aware or should reasonably have been aware of Plaintiff's prior use in commerce of the TEETER-TOTTER word mark and the Teeter-Totter Design Mark for wine.

32.     Upon information and belief, prior to filing Application Ser. No. 86/213,179 and prior to adopting the Infringing Mark for wine, Defendants conducted no trademark search for similar marks in the publicly available database of COLAs of the Alcohol and Tobacco Tax and Trade Bureau ("TTB"), nor did they conduct a search of Internet search engines for existing wine labels using the TEETER-TOTTER word mark or teeter-totter design elements, despite such a search being easy to conduct and customary for individuals and companies in the wine industry to do so prior to adopting a new brand.

33.     Upon information and belief, prior to filing Application Ser. No. 86/213,179 and prior to adopting the Infringing Mark for wine, Defendants were aware of Plaintiff's use of the TEETER-TOTTER word mark and the Teeter-Totter Design Mark in connection with wine.

34.     The Infringing Mark is confusingly similar to Plaintiff's TEETER-TOTTER word mark and Teeter-Totter Design Mark given (a) the similarities in style, content, and connotation of the marks and (b) the identical goods—namely, California wine—offered by both Defendants and Plaintiff under the marks – at times, by the same seller.

35.     Upon information and belief, Defendants' use of the Infringing Mark on wine creates a significant likelihood of confusion in the marketplace among consumers and is likely to continue to confuse consumers and mislead them to believe that the Defendants' AU-CONTRAIRE wine is affiliated with, associated with, connected to, or sponsored by Plaintiff or its well-established wine, or alternatively, that Plaintiff's TEETER-TOTTER wine is affiliated with, associated with, connected to, or sponsored by Defendants or Defendants' wine.

Plaintiff is and will continue to be harmed by such confusion or reverse confusion, as the case may be, and Defendants have and will continue to unjustly benefit from such association.

36.     Defendants' use of the Infringing Mark has unjustly increased the profitability of Defendants' AU CONTRAIRE brand to the detriment of Plaintiff and at no cost to Defendants.

37.     Plaintiff will be further harmed as consumers have or will forego purchase of Plaintiff's TEETER-TOTTER wine as a result of reputational damage stemming, *inter alia*, from Defendant's use of the Infringing Mark in connection with inferior wine, resulting in a loss of sales to Plaintiff from Defendants' unfair competition.

38.     Defendants' continued infringing use of the confusingly similar Infringing Mark will harm Plaintiff financially by diminishing the value of both the TEETER-TOTTER word mark and the Teeter Totter Design Mark and endangering the marks' ability to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

39.     Unless restrained by this Court, Defendants will continue to unfairly compete with Plaintiff by using the Infringing Mark, wherefore Plaintiff is without adequate remedy at law.

40.     This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

41.     Plaintiff has retained all rights in and to the copyright protected image embodied within the Teeter-Totter Design Mark, including the right to reproduce, distribute, display and create derivative works therefrom, as well as the exclusive right to license the Teeter-Totter Design Mark to others.

42.     On August 31, 2017, Teeter-Totter submitted the image contained in the Teeter-Totter Design Mark for copyright registration pursuant to 17 U.S.C. § 408. That application for copyright registration (Case no. 1-5776187401) is currently pending examination, and Plaintiff will seek to amend its pleading when the corresponding registration issues.

43.     Upon information and belief, Defendants derived the Infringing Mark directly from the Teeter-Totter Design Mark, without authorization, for the purpose of directly competing with Plaintiff.

44.     Upon information and belief, Defendants have reaped and continued to reap substantial profits from their willful, infringing use of an unauthorized derivative of the Teeter-Totter Design Mark.

45.     Upon information and belief, at all times herein Defendants knew or reasonably should have known that the Teeter-Totter Design Mark was subject to copyright protection. Defendant Palm Wine Holdings nevertheless appropriated the design as its own, then unlawfully sought and obtained federal trademark registration for the Infringing Mark.

**FIRST CAUSE OF ACTION**
**(Federal Trademark Infringement – 15 U.S.C. § 1114)**
**(TEETER-TOTTER, Reg. No. 4,557,117)**

46.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

47.     Defendants' actions constitute use in commerce of a mark similar to Plaintiff's TEETER TOTTER word mark, Reg. No. 4,557,117, without the consent of Plaintiff, in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

48.     Despite knowledge of Plaintiff's superior right, priority and continued use of the TEETER-TOTTER mark, Defendants nevertheless continue to produce, promote, distribute, offer for sale and sell wine using the Infringing Mark in U.S. commerce and within the State of California.

49.     Defendants' conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114.

50.     Consumers are and will continue to be confused and misled to believe that the Defendants' AU CONTRAIRE wine is affiliated with, associated with, connected to, or sponsored by Plaintiff or its TEETER-TOTTER wine, or alternatively, that Plaintiff's

TEETER-TOTTER wine is affiliated with, associated with, connected to, or sponsored by Defendants or its AU CONTRAIRE wine. Plaintiff is and will continue to be harmed by such confusion or reverse confusion, and Defendants have and will continue to unjustly benefit from such confusion or reverse confusion among consumers.

51.   Upon information and belief, Defendants' use of the Infringing Mark has unjustly increased the profitability of Defendants' AU CONTRAIRE brand to the detriment of Plaintiff and at no cost to Defendants.

52.   Upon information and belief, Plaintiff will be further harmed as consumers will purchase Defendants' wine branded with the Infringing Mark, believing it to be Plaintiff's wine and thereby forego purchase of Plaintiff's goods, resulting in loss of sales to Plaintiff from Defendants' unfair competition.

53.   Defendants' continued infringing use of the confusingly similar Infringing Mark has and will continue to harm Plaintiff financially by diminishing the value of Plaintiff's TEETER-TOTTER mark and endangering the ability of Plaintiff's TEETER-TOTTER mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

54.   Unless restrained by this Court, Defendants will continue to infringe and otherwise unfairly compete with Plaintiff by using the Infringing Mark, wherefore Plaintiff is without adequate remedy at law and thus is entitled to injunctive relief.

55.   This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

56.   Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

57.   In violation of 15 U.S.C. § 1125(a), Defendants' use of the Infringing Mark constitutes unfair competition through the use in commerce of a word, name or device, or false designation of origin, that is likely to cause confusion or mistake or to deceive as to affiliation,

connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of the goods offered in connection therewith.

58.     Defendants knew, or should have known, of Plaintiff's rights, and Defendants' unfair competition was knowing, willful, and deliberate, making this an exceptional case under 15 U.S.C. § 1117.

59.     Plaintiff has been, and will continue to be, damaged by such unfair competition in a manner and amount that cannot be fully measured or compensated in economic terms. Defendants' actions have damaged, and will continue to damage, Plaintiff's rights, reputation and goodwill and may discourage current and potential customers from dealing with Plaintiff. Such irreparable harm will continue unless Defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

60.     Plaintiff has been damaged by Defendants' actions in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**(CA State Trademark Infringement – Cal. Bus. & Prof. Code § 14245)**
**(Teeter-Totter Design Mark, Cal. Reg. No. 122,196)**

61.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

62.     Defendants' actions constitute use in commerce of a mark similar to Plaintiff's Teeter-Totter Design Mark, Cal. Reg. No. 122,196, without the consent of Plaintiff, in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

63.     Despite knowledge of Plaintiff's superior right, priority and continued use of the Teeter-Totter Design Mark, Defendants nevertheless continue to produce, promote, distribute, offer for sale and sell wine using the Infringing Mark within the State of California.

64.     Defendants' conduct constitutes trademark infringement in violation of California Business and Professions Code § 14245.

65.     Consumers are and will continue to be confused and misled to believe that the Defendants' AU CONTRAIRE wine is affiliated with, associated with, connected to, or sponsored by Plaintiff or its TEETER-TOTTER wine, or alternatively, that Plaintiff's TEETER-TOTTER wine is affiliated with, associated with, connected to, or sponsored by Defendants or its AU CONTRAIRE wine. Plaintiff is and will continue to be harmed by such confusion or reverse confusion, and Defendants have and will continue to unjustly benefit from such confusion or reverse confusion among consumers.

66.     Upon information and belief, Defendants' infringing use of the Infringing Mark has unjustly increased the profitability of Defendants' AU CONTRAIRE brand to the detriment of Plaintiff and at no cost to Defendants.

67.     Upon information and belief, Plaintiff will be further harmed as consumers will purchase Defendants' wine branded with the Infringing Mark, believing it to be Plaintiff's goods and thereby forego purchase of Plaintiff's goods, resulting in loss of sales to Plaintiff from Defendants' unfair competition.

68.     Defendants' continued infringing use of the confusingly similar Infringing Mark will harm Plaintiff financially by diminishing the value of the Teeter-Totter Design mark and endangering the ability of the Teeter-Totter Design Mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

69.     Unless restrained by this Court, Defendants will continue to infringe and otherwise unfairly compete with Plaintiff by using the Infringing Mark, wherefore Plaintiff is without adequate remedy at law and thus is entitled to injunctive relief.

70.     This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark and Trade Name Infringement)

71.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

72.     Defendants' above-averred actions constitute trademark infringement, trade name infringement, passing off, false designation of origin and unfair competition in violation of the common law of California and the United States of America.

73.     Plaintiff has no adequate remedy at law for Defendants' above-stated wrongful acts and thus is entitled to injunctive relief.

**FIFTH CAUSE OF ACTION**

**(Contributory Trademark Infringement)**

74.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

75.     Defendants sold and distributed wine and provided related goods and services to other Defendants and third parties using the Infringing Mark, thereby intentionally inducing others to infringe Plaintiff's trademarks.

76.     Defendants knew or had reason to know that such other Defendants' and Third Parties' use of the Infringing Mark infringed Plaintiff's trademarks.

77.     Defendants had direct control and monitoring of the instrumentalities used in the infringement of Plaintiff's trademarks.

78.     Defendant's actions constitute contributory trademark infringement in violation of federal law and the common law of the State of California, and such infringement has damaged Plaintiff as recited above.

79.     The actions of Defendants will continue if not enjoined.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among others, diminution in the value of and goodwill associated with the TEETER-TOTTER word mark and Teeter-Totter Design Mark, and injury to Plaintiff's business.

80.     Upon information and belief, Defendants' actions were, and continue to be, deliberate and willful.

**SIXTH CAUSE OF ACTION**

**(Vicarious Trademark Infringement)**

81.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

82.     The conduct of Defendants and third parties involved in producing and distributing wine at Defendants' direction infringed Plaintiff's TEETER-TOTTER word mark and Teeter-Totter Design Mark.

83.     Defendants intentionally induced each other and third parties involved in producing and distributing wine at Defendants' direction to infringe Plaintiff's TEETER-TOTTER word mark and Teeter-Totter Design Mark.

84.     Upon information and belief, the infringement of Plaintiff's trademarks was conducted by agents of Defendants for the financial benefit of Defendants, and Defendants have the right and ability to supervise and control such infringing activity. Such infringement constitutes vicarious trademark infringement by Defendants in violation of federal law and the common law of the State of California, and such infringement has damaged Plaintiff as recited above.

85.     The actions of Defendants will continue if not enjoined.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among others, diminution in the value of and goodwill associated with the TEETER-TOTTER word mark and Teeter-Totter Design Mark, and injury to Plaintiff's business.

86.     Upon information and belief, Defendants' actions were, and continue to be, deliberate and willful.

**SEVENTH CAUSE OF ACTION**

**(Copyright Infringement – 17 U.S.C. § 501)**

87.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

88.     Plaintiff is the owner and exclusive copyright holder of the Teeter-Totter Design Mark, which is embodied in a creative work of authorship which Plaintiff submitted to the U.S. Copyright Office for registration on August 31, 2017 (Case No. 1-5776187401).

89.     The Teeter-Totter Design Mark is an original work of authorship and constitutes copyrightable subject matter.

90.     Plaintiff is, and at all relevant times has been, the copyright owner or exclusive licensee with respect to the Teeter-Totter Design Mark. Plaintiff has never assigned, licensed, or otherwise transferred any rights in the copyright to Defendants or any third party, nor has Plaintiff dedicated it to the public.

91.     By using the Infringing Mark, Defendants have, without permission or authority, knowingly and intentionally reproduced, distributed, displayed and created unauthorized derivative works derived from the Teeter-Totter Design Mark, including, without limitation, by printing it on wine labels, websites and other marketing materials.

92.     Upon information and belief, Defendants have, without permission or authority, indirectly and directly influenced others to reproduce, distribute, display and create unauthorized derivative works derived from the Teeter-Totter Design Mark, including, without limitation, on numerous websites offering AU CONTRAIRE wine for sale.

93.     Defendants' deliberate and unauthorized use of the Teeter-Totter Design Mark despite knowledge of a lack of authorization from Plaintiff constitutes willful violation of Plaintiff's rights.

94.     As a result of Defendants' infringement of the Plaintiff's copyright in the Teeter-Totter Design Mark, Plaintiff is entitled to actual damages and any additional profits of Defendants under 17 U.S.C. § 504 (a) and (b), and to its attorneys' fees and costs under 17 U.S.C. § 505.

95.     Upon information and belief, the aforementioned conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to

1    injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights, and

2    ordering Defendants to destroy all infringing copies of the Teeter-Totter Design Mark and

3    derivatives thereof, including embodiments of the Infringing Mark.

4                              **EIGHTH CAUSE OF ACTION**

5                        **(Contributory Copyright Infringement)**

6        96.    Plaintiff incorporates the allegations of Paragraphs 1 through the immediately

7    preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full

8    as part of this Cause of Action.

9        97.    Upon information and belief Defendants, and each of them, without the

10   permission or consent of Plaintiff, have participated in an ongoing, concerted effort to make

11   available and distribute to the public unauthorized, infringing derivatives of the Teeter-Totter

12   Design Mark.

13       98.    In so doing, Defendants have violated Plaintiff's exclusive rights of public

14   display, reproduction, distribution and creation of derivative works.

15       99.    By participating in the foregoing activity, Defendants induced, caused, or

16   materially contributed to the infringement of Plaintiff's copyright and exclusive rights under

17   copyright by other individuals and entities.

18       100.   Plaintiff will seek to amend this Complaint once it has identified the DOE

19   Defendants who have, without the permission or consent of Plaintiff, contributed to or

20   participated in the infringement of Plaintiff's copyright.

21       101.   Defendants' acts of contributory infringement have been willful, intentional, in

22   disregard of, and with indifference to the rights of Plaintiff.

23       102.   As a result of Defendants' contributory infringement of Plaintiff's exclusive

24   rights under copyright, Plaintiff is entitled to actual damages and any additional profits of

25   Defendants under 17 U.S.C. § 504 (a) and (b), and to its attorneys' fees and costs under 17

26   U.S.C. § 505.

27       103.   The aforementioned conduct of Defendants is causing and, unless enjoined and

28   restrained by this Court, will continue to cause Plaintiff great and irreparable injury.

104.     Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights, and ordering Defendants to destroy all infringing copies of the Teeter-Totter Design Mark and derivatives thereof, including the Infringing Mark.

## NINTH CAUSE OF ACTION

### (Vicarious Copyright Infringement)

105.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

106.     Upon information and belief, Defendants purport to license and/or sublicense the right to use the Infringing Mark, which is an unauthorized derivative of the Teeter-Totter Design Mark, to third party entities and individuals without Plaintiff's authorization, which results in further infringement of Plaintiff's copyright by such third party entities and individuals.

107.     Upon information and belief, Defendants have a financial interest in the infringing activity of said third party entities and individuals using derivatives of the Teeter-Totter Design Mark, as Defendants ordered, commissioned, and/or paid for the production of infringing copies and collect payments for services and goods relating to their unauthorized use and licensing of the Infringing Mark.

108.     Upon information and belief, Defendants have the right and ability to supervise and control the infringing activity of said third party entities and individuals using derivatives of the Teeter-Totter Design Mark under license or sublicense.

109.     By participating in the foregoing activity, Defendants have vicariously infringed Plaintiff's copyright and exclusive rights under copyright through the infringing acts of other individuals and entities.

110.     Plaintiff will seek to amend this Complaint once it has identified the DOE Defendants who have, without the permission or consent of Plaintiff, infringed Plaintiff's copyright.

17

111.   Defendants' acts of vicarious infringement have been willful, intentional, in disregard of, and with indifference to the rights of Plaintiff.

112.   As a result of the aforesaid vicarious infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to actual damages and any additional profits of Defendants under 17 U.S.C. § 504 (a) and (b), and to its attorneys' fees and costs under 17 U.S.C. § 505.

113.   The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.

114.   Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further vicarious infringement of Plaintiff's copyright and ordering that Defendants cease their unauthorized activities in connection with the Infringing Mark.

## TENTH CAUSE OF ACTION

### (Unfair Business Practices – Cal. Bus. & Prof. Code § 17200)

115.   Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

116.   Upon information and belief, Defendants' use of the Infringing Mark on AU CONTRAIRE wine products and advertising fosters a misperception among consumers that Defendants' AU CONTRAIRE wine products share an origin with Plaintiff's TEETER-TOTTER branded wine products.

117.   Upon information and belief, Defendants' aforesaid actions were and continue to be deliberate and willful.

118.   Defendants' actions, including use of the Infringing Mark in commerce to advertise, market, and sell wine throughout the United States, and California, constitute unlawful, unfair or fraudulent business acts or practices, and unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq., and as a result Plaintiff has suffered and will continue to suffer damage to its business, reputation and goodwill.

119.    As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage.

## ELEVENTH CAUSE OF ACTION

### (Cancellation of Trademark Reg. No. 4,757,065)

120.    Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

121.    Defendants' use of the Infringing Mark infringes on Plaintiff's superior rights, and Defendants' federal registration of the Infringing Mark for wine is invalid as void *ab initio*, and the registration is therefore unenforceable. Defendant Palm Wine Holdings has improperly registered the mark with the USPTO despite knowledge of its lack of priority to the mark, and its registration should therefore be canceled.

122.    Plaintiff's use of the TEETER-TOTTER word mark and the Teeter-Totter Design Mark in interstate commerce prior to the application date for Reg. No. 4,757,065 (for the Infringing Mark) acts as a bar to the federal registration and renders it void *ab initio* or otherwise invalid because use of the Infringing Mark cannot qualify for lawful use in commerce and the Infringing Mark is not entitled to federal registration.

123.    Based upon the foregoing, Plaintiff is entitled to an order canceling federal Reg. No. 4,757,065.

## TWELFTH CAUSE OF ACTION

### (Inequitable Conduct before the USPTO)

124.    Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

125.    Upon information and belief, Defendant Palm Wine Holdings, through its attorneys, employees and agents, made material misrepresentations and/or omissions to the USPTO upon filing its Application Ser. No. 86/213,179, which eventually matured into Reg.

1  No. 4,757,065 for the Infringing Mark. For example, on March 6, 2014, and again on March

2  26, 2015 Defendant Palm Wine Holdings submitted a sworn statement to the USPTO that to

3  the best of its knowledge and belief, no other persons had the right to use the Infringing Mark

4  or confusingly similar marks in commerce.

5       126.   Upon information and belief, Defendants could not reasonably have been

6  unaware as of March 6, 2014 or thereafter, of Plaintiff's use of the TEETER-TOTTER word

7  mark and the Teeter-Totter Design Mark. A simple internet search for "teeter totter wine"

8  would have immediately revealed numerous references to Plaintiff's TEETER-TOTTER

9  branded wine bearing the Teeter-Totter Design Mark.

10      127.   Upon information and belief, Defendants intentionally misled the personnel at

11  the USPTO for the purpose of achieving federal registration of the Infringing Mark, intending

12  that the USPTO rely on the aforesaid misrepresentations, upon which misrepresentation the

13  USPTO did rely in order to issue to Reg. No. 4,757,065 to Defendant Palm Wine Holdings, but

14  for which misrepresentation such registration would not otherwise have issued.

15      128.   Upon information and belief, due to Plaintiff's priority of use and Defendant's

16  intentional misrepresentations before the USPTO, Application Ser. No. 86/213,179 should

17  never have issued and is void *ab initio*, and as a result should be cancelled from the federal

18  trademark register.

19      129.   As a direct and proximate result of Defendants' willful and intentional actions,

20  Plaintiff has suffered damages in an amount to be determined at trial, and, unless Defendants

21  are restrained and the subject registration cancelled, Plaintiff will continue to suffer irreparable

22  damage.

**PRAYER FOR RELIEF**

23      WHEREFORE, Plaintiff requests that judgment be entered as follows:

24  1.  That Defendants, their principals, partners, franchisees, agents, employees, licensees,

25      affiliates, distributors, producers, any parent and subsidiary companies, attorneys and

26      representatives and all of those in privity with or acting under their direction and/or

27

28

20

pursuant to their control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

    (a)    Using the Teeter-Totter Design Mark or any confusingly similar mark, including the Infringing Mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of alcohol beverage products, or products or services related to alcohol beverage products;

    (b)    Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendant are one in the same, or are in some way connected, or that Plaintiff is a sponsor of Defendants, or that the goods of Defendants originate with Plaintiff, or that Defendants are a sponsor of Plaintiff, or that the goods of Plaintiff originate with Defendants, or any other acts which are likely to lead the trade or public to associate Defendants with Plaintiff, or Plaintiff with Defendants;

2. That Defendants be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3. That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, neckers, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4. That Defendants be ordered to recall all infringing products bearing the Infringing Mark in the marketplace from retailers;

5.  That Defendants be ordered to disgorge their wrongful profits or otherwise pay to Plaintiff monetary damages for the harm resulting from Defendants' unlawful acts, including compensation for Defendants' unauthorized use of Plaintiff's trademarks and copyrights, in an amount to be determined at trial;

6.  That Plaintiff's damages award be trebled and that Defendants be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7.  That Plaintiff be awarded punitive damages as a result of Defendants' conduct;

8.  That U.S. Trademark Registration No. 4,757,065 and any other state and/or federal registrations encompassing the Defendants' Infringing Mark be cancelled;

9.  That Defendants be ordered to pay Plaintiff the amount by which Defendants have been unjustly enriched, which amount is presently unknown and shall be determined at trial; and

10. That Plaintiff be granted such other and further relief as this Court shall deem just and equitable.

Dated: November 16, 2017

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By

Christopher J. Passarelli
Joy L. Durand

1455 First Street, Ste. 301
Napa, California  94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Teeter-Totter, LLC

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests a trial by jury in this matter.

Dated: November 16, 2017

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By
Christopher J. Passarelli
Joy L. Durand

1455 First Street, Ste. 301
Napa, California  94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Teeter-Totter, LLC

**EXHIBIT A**

# United States of America

## United States Patent and Trademark Office

# Teeter-totter

**Reg. No. 4,557,117**

**Registered June 24, 2014**

TOUQUETTE, BENOIT (UNITED STATES INDIVIDUAL)
1477 OAK AVENUE
SAINT HELENA, CA 94574

**Int. Cl.: 33**

FOR: WINES, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 10-25-2013; IN COMMERCE 10-25-2013.

**TRADEMARK**

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-901,543, FILED 4-11-2013.

CHRISTINE MARTIN, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Nov 8 03:47:02 EST 2017*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout    Please logout when you are done to release system resources allocated for you.

Start    List At: [          ]  OR  Jump  to record: [          ]    **Record 2 out of 2**

TSDR    ASSIGN Status    TTAB Status    *( Use the "Back" button of the Internet Browser to return to TESS)*

# Teeter-totter

| | |
|---|---|
| **Word Mark** | TEETER-TOTTER |
| **Goods and Services** | IC 033. US 047 049. G & S: Wines. FIRST USE: 20131025. FIRST USE IN COMMERCE: 20131025 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85901543 |
| **Filing Date** | April 11, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | September 10, 2013 |
| **Registration Number** | 4557117 |
| **Registration Date** | June 24, 2014 |
| **Owner** | (REGISTRANT) TOUQUETTE, BENOIT INDIVIDUAL UNITED STATES 1477 OAK AVENUE SAINT HELENA CALIFORNIA 94574 |
| | (LAST LISTED OWNER) **TEETER-TOTTER**, LLC LIMITED LIABILITY COMPANY CALIFORNIA 1477 OAK AVENUE ST. HELENA CALIFORNIA 94574 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Christopher J. Passarelli |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**EXHIBIT B**

# State of California
## Secretary of State

## CERTIFICATE OF REGISTRATION OF TRADEMARK

*I, ALEX PADILLA,* Secretary of State of the State of California, hereby certify:

| | |
|---|---|
| Registration Number: | 122196 |
| Name of Registrant: | Teeter-Totter, LLC |
| Business Address: | 1477 Oak Avenue, St. Helena, CA 94574 |
| State of Incorporation/ Organization: | CA |
| Date First Used in California: | 10/25/2013 |
| Date First Used Anywhere: | 10/25/2013 |
| Description of Mark: | TEETER TOTTER DESIGN WITH ANIMALS - The mark consists a mouse sitting on the left hand side of a teeter totter with an elevated elephant sitting on the right hand side. |
| Description of Goods | Alcoholic beverages except beers |
| Class Number(s): | 33 |
| Date of Registration: | 7/31/2017 |
| Term of Registration Extends to and Includes: | 7/31/2022 |

In accordance with the application filed in this office, the mark described above has been duly registered.   A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 7th day of August 2017



**ALEX PADILLA**
**Secretary of State**



# State of California
# Secretary of State

## REGISTRATION OF TRADEMARK OR SERVICE MARK

Pursuant to Business and Professions Code sections 14207 and 14235
**IMPORTANT – Read instructions before completing this form.**

| REGISTRATION APPLICATION FOR (Check One): ☑ **TRADEMARK** ☐ **SERVICE MARK** | | |
|---|---|---|
| 1. NAME OF OWNER OF MARK (REGISTRANT) <br> TEETER-TOTTER, LLC | | |
| 2. BUSINESS ADDRESS OF REGISTRANT <br> 1477 OAK AVENUE | CITY AND STATE <br> ST. HELENA | ZIP CODE <br> 94574 |

3. BUSINESS STRUCTURE OF REGISTRANT (Check One and Complete)

☐ CORPORATION
(State of Incorporation)_____

☐ SOLE PROPRIETOR

☑ LIMITED LIABILITY COMPANY
(State of Organization) California

☐ SPOUSES, AS COMMUNITY PROPERTY

☐ LIMITED PARTNERSHIP
(State of Organization) _____

☐ DOMESTIC PARTNERS, AS COMMUNITY PROPERTY

☐ GENERAL PARTNERSHIP
(State of Organization) _____

☐ OTHER
(Describe)_____

4. NAMES OF GENERAL PARTNERS, IF REGISTRANT IS A PARTNERSHIP

5. NAME AND/OR DESIGN OF MARK. (For design, provide a brief written description that can be pictured in the mind without reference to the specimens. Do not draw the design on the application. Attach a drawing of the mark.)

THE MARK CONSISTS A MOUSE SITTING ON THE LEFT HAND SIDE OF A TEETER TOTTER WITH AN ELEVATED ELEPHANT SITTING ON THE RIGHT HAND SIDE.

6. DISCLAIMER (If Applicable) NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE TERM:

| 7a. DATE THE MARK WAS FIRST USED IN CALIFORNIA <br> At least as early as 10/25/13 | 7b. DATE THE MARK WAS FIRST USED ANYWHERE <br> At least as early as 10/25/13 |
|---|---|

8a. IF A TRADEMARK, LIST SPECIFIC GOODS. IF A SERVICE MARK, LIST SPECIFIC SERVICE.

ALCOHOLIC BEVERAGES EXCEPT BEERS

THIS SPACE FOR FILING OFFICER USE

**TRADEMARK OR SERVICE MARK**

REG. NO. 122196

CLASS NO.(S) 33

**FILED**
Secretary of State
State of California

8b. CLASS NUMBER(S) 33 _____ _____ _____ _____

JUL 3 1 2017

9. RETURN ACKNOWLEDGMENT TO: (Type or Print)

NAME ⌐ DICKENSON, PEATMAN & FOGARTY ⌐

ADDRESS ATTN: CHRISTOPHER PASSARELLI

1455 FIRST STREET, SUITE 301

CITY/STATE/ZIP ⌐ NAPA, CA 94559

21 03 11
03 09 06
03 03 01

SEC/STATE TM 100 (REV. 04/2015)                    (Page 1 of 2)                    FILING FEE: $70.00 PER CLASSIFICATION

10. INDICATE WHETHER AN APPLICATION TO REGISTER THE MARK, OR PORTIONS, OR A COMPOSITE THEREOF, HAS BEEN FILED BY THE REGISTRANT OR A PREDECESSOR IN INTEREST WITH THE UNITED STATES PATENT AND TRADEMARK OFFICE.

FILING DATE _____ SERIAL/FILE NO. _____ STATUS OF APPLICATION _____

IF REFUSED, WHY? _____

☑ CHECK HERE IF THIS ITEM DOES NOT APPLY

11. MANNER IN WHICH THE MARK IS USED (Check all that apply)

**FOR TRADEMARKS ONLY**

☑ ON LABELS AND TAGS AFFIXED TO THE GOODS
☐ ON LABELS AND TAGS AFFIXED TO CONTAINERS OF THE GOODS
☐ BY PRINTING IT DIRECTLY ONTO THE GOODS
☐ BY PRINTING IT DIRECTLY ONTO THE CONTAINERS OF THE GOODS
☑ OTHER Website

**FOR SERVICE MARKS ONLY**

☐ ON BUSINESS SIGNS
☐ ON ADVERTISING BROCHURES
☐ ON ADVERTISING LEAFLETS
☐ ON BUSINESS CARDS
☐ ON LETTERHEADS
☐ ON MENUS
☐ OTHER _____

12. SPECIMENS (Check one box below and enclose three (3) identical original specimens showing current use of the mark.)

**FOR TRADEMARKS ONLY**

☐ ACTUAL LABELS
☐ ACTUAL TAGS
☑ PHOTOGRAPHS OF GOODS/CONTAINERS SHOWING THE TRADEMARK
☐ FRONT PANELS OF A PAPER CONTAINER BEARING THE TRADEMARK
☐ OTHER _____

**FOR SERVICE MARKS ONLY**

☐ BUSINESS CARDS
☐ ADVERTISING BROCHURES
☐ ADVERTISING LEAFLETS
☐ MENUS SHOWING THE MARK
☐ OTHER _____

13. DECLARATION OF OWNERSHIP

Applicant declares that the applicant is the owner of the mark, that the mark is in use, and that to the knowledge of the person verifying the application, no other person has registered in this state, or has the right to use the mark, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion, to cause mistake, or to deceive.

14. DECLARATION OF ACCURACY

122196

Applicant declares that all the information contained in this registration is accurate and if the applicant willfully states in the registration any material fact that the applicant knows to be false, the applicant shall be subject to a civil penalty of not more than ten thousand dollars ($10,000.00).

07 / 11 / 17
DATE

_____
SIGNATURE OF AUTHORIZED PERSON

Benoit Touquette, MANAGER
TYPE OR PRINT NAME AND TITLE

122196



122196



**EXHIBIT C**



## United States Patent and Trademark Office

**Home** | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Nov 8 03:47:02 EST 2017*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Goods and Services** | IC 033. US 047 049. G & S: Alcoholic beverages except beers. FIRST USE: 20131025. FIRST USE IN COMMERCE: 20131025 |
| **Mark Drawing Code** | (2) DESIGN ONLY |
| **Design Search Code** | 03.03.01 - Elephants; Mammoths; Mastodons<br>03.03.24 - Stylized Elephants, hippopotami, rhinoceri, giraffes, alpacas, camels, llamas<br>03.09.06 - Gerbils; Guinea pigs; Hamsters; Mice; Moles; Rats; Rats, mice, moles, gerbils, guinea pigs and the like<br>03.09.24 - Stylized small mammals, rodents, kangaroos, wallabies<br>21.03.11 - Jungle gyms (play equipment); Seesaws; Slides (playground); Slides, water; Sliding boards; Swings; Teeter-totter; Trapeze |
| **Serial Number** | 87580240 |
| **Filing Date** | August 23, 2017 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Teeter-Totter, LLC LIMITED LIABILITY COMPANY CALIFORNIA 1477 Oak Avenue St. Helena CALIFORNIA 94574 |
| **Attorney of Record** | Christopher J. Passarelli |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of a mouse sitting on the- left hand side of a teeter totter with an elevated elephant sitting on the right hand side. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**EXHIBIT D**

| FOR TTB USE ONLY | DEPARTMENT OF THE TREASURY<br>ALCOHOL AND TOBACCO TAX AND TRADE BUREAU<br>**APPLICATION FOR AND<br>CERTIFICATION/EXEMPTION OF LABEL/BOTTLE<br>APPROVAL**<br>(See Instructions and Paperwork Reduction Act Notice on Back) |
|---|---|

| **TTB ID**<br>13303001000247 | |

| **1. REP. ID. NO. (If any)** | **CT**<br>88 | **OR**<br>01 |
|---|---|---|

## PART I - APPLICATION

| **2. PLANT REGISTRY/BASIC PERMIT/BREWER'S NO.** *(Required)*<br><br>BW-CA-6041 | **3. SOURCE OF PRODUCT** *(Required)*<br><br>⊖ **Domestic**<br><br>⊖ **Imported** | **8. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWER'S NOTICE. INCLUDE APPROVED DBA OR TRADENAME IF USED ON LABEL (Required)**<br><br>HARTWELL VINEYARDS, HARTWELL VINEYARDS, LLC<br>5795 SILVERADO TRL |
|---|---|---|
| **4. SERIAL NUMBER** *(Required)*<br><br>13FM01 | **5. TYPE OF PRODUCT** *(Required)*<br><br>⊖ **WINE**<br><br>⊖ **DISTILLED SPIRITS**<br><br>⊖ **MALT BEVERAGE** | NAPA CA 94558<br><br>FAIT MAIN WINES (Used on label) |

| **6. BRAND NAME** *(Required)*<br><br>TEETER-TOTTER | **8a. MAILING ADDRESS, IF DIFFERENT** |
|---|---|
| **7. FANCIFUL NAME** *(If any)* | |

| **9. EMAIL ADDRESS** | **10. GRAPE VARIETAL(S)** *(If any)*<br>Cabernet Sauvignon | **11. FORMULA** | **18. TYPE OF APPLICATION (Check applicable box(es))** |
|---|---|---|---|
| **12. NET CONTENTS**<br>750 MILLILITERS | **13. ALCOHOL CONTENT**<br>14.1 | **14. WINE APPELLATION IF ON LABEL**<br>NAPA VALLEY | a. ◉ **CERTIFICATE OF LABEL APPROVAL**<br><br>b. ⊖ **CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL** "For sale in _____ only" (Fill in State abbreviation.) |
| **15. WINE VINTAGE DATE IF ON LABEL**<br>2011 | **16. PHONE NUMBER**<br>(707) 255-4269 | **17. FAX NUMBER**<br>(707) 255-0547 | c. ⊖ **DISTINCTIVE LIQUOR BOTTLE APPROVAL. TOTAL BOTTLE CAPACITY BEFORE CLOSURE ____ ____** (Fill in amount)<br><br>d. ⊖ **RESUBMISSION AFTER REJECTION** TTB ID. NO. _____ |

19. SHOW ANY INFORMATION THAT IS BLOWN, BRANDED, OR EMBOSSED ON THE CONTAINER (e.g., net contents) ONLY IF IT DOES NOT APPEAR ON THE LABELS AFFIXED BELOW. ALSO, SHOW TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.

## PART II - APPLICANT'S CERTIFICATION

Under the penalties of perjury, I declare; that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to this form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which are attached to an original TTB F 5100.31, Certificate/Exemption of Label/Bottle Approval.

| **20. DATE OF APPLICATION**<br>10/30/2013 | **21. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT**<br>(Application was e-filed) | **22. PRINT NAME OF APPLICANT OR AUTHORIZED AGENT**<br>BLANCA HARTWELL |
|---|---|---|

## PART III - TTB CERTIFICATE

**This certificate is issued subject to applicable laws, regulations and conditions as set forth in the instructions portion of this form.**

| 23. DATE ISSUED | 24. AUTHORIZED SIGNATURE, ALCOHOL AND TOBACCO TAX AND TRADE BUREAU |
|---|---|
| 11/07/2013 | *Demaris L Brown* |

## FOR TTB USE ONLY

| QUALIFICATIONS | EXPIRATION DATE (If any) |
|---|---|
| TTB has not reviewed this label for type size, characters per inch or contrasting background. The responsible industry member must continue to ensure that the mandatory information on the actual labels is displayed in the correct type size, number of characters per inch, and on a contrasting background in accordance with the TTB labeling regulations, 27 CFR parts 4, 5, 7, and 16, as applicable. **STATUS** THE STATUS IS APPROVED. **CLASS/TYPE DESCRIPTION** DESSERT /PORT/SHERRY/(COOKING) WINE | |

AFFIX COMPLETE SET OF LABELS BELOW

Image Type:

Brand (front)
Actual Dimensions: 2.6 inches W X 2.3 inches H



Image Type:

Back
Actual Dimensions: 2.83 inches W X 2.86 inches H



*TEETER–TOTTER*

**TTB F 5100.31**  (07/2012) PREVIOUS EDITIONS ARE OBSOLETE