CHRISTOPHER J. PASSARELLI, SBN 241174
JOY L. DURAND, SBN 245413
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Ste. 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
Teeter-Totter, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEETER-TOTTER, LLC, | CASE NO. 5:17-cv-06609-LHK |
| Plaintiff, | **AMENDED COMPLAINT FOR:** |
| vs. | **1. TRADEMARK INFRINGEMENT**<br>**2. COPYRIGHT INFRINGEMENT** |
| PALM BAY INTERNATIONAL, INC.,<br>PALM WINE HOLDINGS, LLC,<br>J VINEYARDS & WINERY LLC D/B/A<br>AU CONTRAIRE, RB WINE<br>ASSOCIATES, LLC | **3. UNFAIR COMPETITION**<br>**4. TRADEMARK CANCELLATION**<br><br>**DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, Teeter-Totter, LLC ("Teeter-Totter" or "Plaintiff"), for its complaint against Defendants, Palm Bay International, Inc. ("Palm Bay"), Palm Wine Holdings, LLC ("Palm Wine Holdings"), J Vineyards & Winery d/b/a Au Contraire ("Au Contraire"), RB Wine Associates, LLC ("RB Wine") and DOES 1-14 (collectively, "Defendants") alleges as follows:

## NATURE OF ACTION

1. This is an action for federal trademark infringement and unfair competition (15 U.S.C. §§ 1114, 1125), violation of the California Model State Trademark Law (Cal. Bus. & Prof. Code §§ 14200 *et seq.*), indirect trademark infringement, common law trademark infringement and unfair competition, federal copyright infringement (17 U.S.C. § 501), indirect

copyright infringement, violation of the California Business and Professions Code § 17200, *et seq*., and cancellation of Defendants' registered trademark (No. 4,757,065).

2.      This action arises out of  Defendants' willful and unauthorized use of colorable imitations of Plaintiff's original wine label artwork (the "Teeter-Totter Design Mark"), and fraud perpetrated against the United States Patent and Trademark Office ("USPTO").  Plaintiff seeks permanent injunctive relief restraining Defendants' infringement of the Teeter-Totter Design Mark, monetary damages, attorneys' fees and related relief.

## **THE PARTIES**

3.      Plaintiff is a California limited liability company having a principal place of business at 1477 Oak Avenue, Saint Helena, CA, 94574.

4.      Upon information and belief, Defendant Palm Bay is a Florida corporation with its principal place of business at 48 Harbor Park Drive, Port Washington, NY, 11050, and places of business at 301 Yamato Road, Suite 3130, Boca Raton, FL, 33231, and 855 Bordeaux Way, Napa, CA, 94558.

5.      Upon information and belief, Defendant Palm Wine Holdings is a Delaware limited liability company with its principal place of business at 48 Harbor Park Drive, Port Washington, NY, 11050.

6.      Upon information and belief, Defendant Au Contraire is a California limited liability company having a principal place of business at 11447 Old Redwood Highway, Healdsburg, CA, 95448.

7.      Upon information and belief, Defendant RB Wine is a California limited liability company having a principal place of business at 499 Moor Lane, Healdsburg, CA, 95448.

8.      Plaintiff is currently ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said defendants by fictitious names. Plaintiff will amend this complaint when the true names and capacities of said defendants have been ascertained. Plaintiff is informed and believes and based thereon alleges that said DOES, and each of them, are legally responsible in some manner for the events and

2

1 | happenings referred to herein, and proximately caused or contributed to the injuries and
2 | damages to Plaintiff as herein alleged.

3 |      9.    Upon information and belief, each and every defendant herein is or was the
4 | agent and/or employee of the remaining defendants, and in doing the things herein alleged
5 | acted within the course and scope of said agency and employment.

6 | **JURISDICTION AND VENUE**

7 |      10.    This Court has subject matter jurisdiction over Plaintiff's claim under 15 U.S.C.
8 | §§ 1121, 1131, and 1338(a). This Court also has supplemental jurisdiction over all related
9 | claims herein in accordance with 28 U.S.C. §§ 1338(b) and 1367(a).

10 |      11.    Upon information and belief, Defendants are located within the State of
11 | California, and either directly or through their agents transacted business in the State of
12 | California and within this judicial district, as more specifically set forth below, and expected or
13 | should reasonably have expected their acts to have consequence in the State of California and
14 | within this judicial district.

15 |      12.    Venue is proper in the Northern District of California pursuant to 28 U.S.C.
16 | § 1391, as Defendants are residents doing business in this judicial district and therefore may be
17 | found in this district, as a substantial part of the events giving rise to Plaintiff's claims alleged
18 | herein occurred in this judicial district.

19 | **INTRADISTRICT ASSIGNMENT**

20 |      13.    Pursuant to Civil Local Rule 3-2(c), as relief is being sought in relation to an
21 | intellectual property claim, this action may be assigned on a district-wide basis and is therefore
22 | proper in any division.

23 | **GENERAL ALLEGATIONS**

24 |      14.    Plaintiff is the owner of the word trademark TEETER-TOTTER for wines, first
25 | used in commerce on October 25, 2013, including federal Trademark Registration No.
26 | 4,557,117 for the mark TEETER-TOTTER in International Class 33, having a filing date of
27 | April 11, 2013 and issuance date of June 24, 2014. A copy of the USPTO Registration

28 |

Certificate and current Trademark Electronic Search System ("TESS") printout showing its LIVE status and title ownership by Plaintiff is included as <u>Exhibit A</u>, hereto.

15.    Plaintiff is the owner of the Teeter-Totter Design Mark, including the California Trademark Registration No. 122,196 (a copy of which is included as <u>Exhibit B</u> hereto) and federal Trademark Registration No. 5,428,362 (a copy of which is included as <u>Exhibit C</u> hereto), both for alcoholic beverages except beers in International Class 33.

16.    The Teeter-Totter Design Mark consists of original artwork owned by Plaintiff. Design work on the Teeter-Totter original artwork began in or around February 2013 and was completed on or around April 17, 2013.

17.    The Teeter-Totter Design Mark is a drawing of a rudimentary teeter-totter with a mouse on the lower left side of a fulcrum and an elephant on the upper right side. A striking feature of the original artwork is that the mouse is at ground level, with the elephant on the elevated right end of the teeter-totter.

18.    The creation and development of the Teeter-Totter Design Mark required substantial investment of capital, as well as time, artistic vision, and creative effort.

19.    Plaintiff and its predecessor have used the TEETER-TOTTER word mark and the Teeter-Totter Design Mark on wine labels in commerce since as early as October 25, 2013.

20.    Plaintiff's founder acquired the Internet URL <teeter-totter.com> on or around November 1, 2013. Plaintiff has since engaged in significant efforts to optimize search engine results for its TEETER-TOTTER branded wines, such that upon information and belief, Plaintiff enjoys a premier position among organic search results on established search engines, and Plaintiff's TEETER-TOTTER wine is the first Internet search result for "teeter totter wine" on most major commercial search engines (apart from paid advertising), including: Google (where the first three pages of search results consist completely and exclusively of Plaintiff's TEETER-TOTTER wine), as well as Bing, Yahoo, Ask.com, and dogpile.

21.    On November 7, 2013, the Alcohol and Tobacco Tax and Trade Bureau ("TTB") within the U.S. Department of Treasury issued a Certificate of Label Approval ("COLA") concerning a wine label which incorporates both the TEETER-TOTTER word mark

as a brand name and the Teeter-Totter Design Mark owned by Plaintiff. A copy of that COLA is included as Exhibit D, hereto.

22.     Plaintiff and its predecessor in interest have produced and sold wine in interstate commerce under the TEETER-TOTTER word mark and the Teeter-Totter Design Mark since 2013. Plaintiff offers the wine for sale to consumers throughout the U.S., its territories (e.g., Puerto Rico), and overseas. Within a four-year span, sales of Plaintiff's Teeter-Totter wine has exceeded $2.2 Million in total sales.

23.     Plaintiff's TEETER-TOTTER wine has been favorably reviewed, including an aggregated score of 90 and 4.5/5-star user ratings on <wine-searcher.com>, a 95+ score from Wine Spectrum, a 90 point rating by acclaimed wine critic Robert Parker and the publication Wine Advocate, a rating of 92 on <cellartracker.com>, and a rating of 95 on <californiawineadvisors.com> for Teeter-Totter Cabernet Sauvignon.

24.     As evidenced by Plaintiff's sales and recognition for the TEETER-TOTTER brand, Plaintiff owns extremely valuable goodwill in both the TEETER-TOTTER word mark and the Teeter-Totter Design Mark, and the marks have extraordinary financial value.

25.     The TEETER-TOTTER word mark and the Teeter-Totter Design Mark are inherently distinctive.

26.     As a result of the widespread, continuous distribution, promotion, sale and critical acclaim of the TEETER-TOTTER brand wine, the TEETER-TOTTER word mark and the Teeter-Totter Design Mark also have acquired distinctiveness among wine consumers.

27.     On February 18, 2014, well after the introduction of the TEETER-TOTTER word mark and the Teeter-Totter Design Mark in commerce, Defendant Palm Wine Holdings adopted a strikingly similar wine label for its California wine and filed federal Trademark Application Ser. No. 86/213,179 for the mark AU CONTRAIRE PINOT NOIR SONOMACOAST 2012 (w/ Design) (the "Infringing Mark") on an intent-to-use basis.

28.     The literal element of the Infringing Mark is AU CONTRAIRE PINOT NOIR SONOMA COAST 2012. The design elements of the Infringing Mark include the same design elements as the Teeter-Totter Design Mark: a drawing of a rudimentary teeter-totter, with a

mouse on the lower left side and an elephant on the upper right side. As in the Teeter-Totter Design Mark, the mouse in the infringing design outweighs the elephant, with the elephant elevated on the upper right end of the teeter-totter. Figure 1, below, consists of a side-by-side comparison of Plaintiff's Teeter-Totter Design Mark (on the left) with Defendants' Infringing Mark (on the right).

 

**Figure 1. Side-by-side comparison of Plaintiff's label (left) with Defendants' label (right).**

29.     As required by the USPTO, when submitting the trademark application for the Infringing Mark, Palm Wine Holdings declared under oath that no other persons had the right to use the Infringing Mark or confusingly similar marks in commerce.

30.     On March 26, 2015, Palm Wine Holdings asserted in a filing to the USPTO that it had begun using the Infringing Mark as of April 24, 2014, in connection with wine.[1] The trademark application for the Infringing Mark matured into federal Trademark Registration No. 4,757,065 on October 7, 2014.

31.     Upon information and belief, since about April 24, 2014, Defendants have sold and distributed, and continue to sell and distribute, wine using the Infringing Mark to various consumers and retailers that sell alcohol beverage products in California and throughout the U.S., including in this judicial district. For example, Defendants' AU CONTRAIRE wine is

---

[1] Incidentally, April 24, 2014 was the same date on which Plaintiff submitted its Statement of Use and wine bottle specimen to the USPTO for the TEETER-TOTTER word mark application which matured into U.S. Reg. No. 4,557,117.

1   currently listed for sale on the websites of one or more internet wine retailers, such as

2   www.totalwine.com, www.wine.com, and www.winexpress.com.

3       32.    Upon information and belief, prior to filing Application Ser. No. 86/213,179

4   and prior to adopting the Infringing Mark for wine, Defendants were aware or should

5   reasonably have been aware of Plaintiff's prior use in commerce of the TEETER-TOTTER

6   word mark and the Teeter-Totter Design Mark for wine.

7       33.    Upon information and belief, prior to filing Application Ser. No. 86/213,179

8   and prior to adopting the Infringing Mark for wine, Defendants conducted no trademark search

9   for similar marks in the publicly available database of COLAs of the Alcohol and Tobacco Tax

10   and Trade Bureau ("TTB"), nor did they conduct a search of Internet search engines for

11   existing wine labels using the TEETER-TOTTER word mark or teeter-totter design elements,

12   despite such a search being easy to conduct and customary for individuals and companies in

13   the wine industry to do so prior to adopting a new brand.

14       34.    Upon information and belief, prior to filing Application Ser. No. 86/213,179

15   and prior to adopting the Infringing Mark for wine, Defendants were aware of Plaintiff's use of

16   the TEETER-TOTTER word mark and the Teeter-Totter Design Mark in connection with

17   wine.

18       35.    The Infringing Mark is confusingly similar to Plaintiff's TEETER-TOTTER

19   word mark and Teeter-Totter Design Mark given (a) the similarities in style, content, and

20   connotation of the marks and (b) the identical goods—namely, California wine—offered by

21   both Defendants and Plaintiff under the marks – at times, by the same seller.

22       36.    Upon information and belief, Defendants' use of the Infringing Mark on wine

23   creates a significant likelihood of confusion in the marketplace among consumers and is likely

24   to continue to confuse consumers and mislead them to believe that the Defendants' AU-

25   CONTRAIRE wine is affiliated with, associated with, connected to, or sponsored by Plaintiff

26   or its well-established wine, or alternatively, that Plaintiff's TEETER-TOTTER wine is

27   affiliated with, associated with, connected to, or sponsored by Defendants or Defendants' wine.

28

Plaintiff is and will continue to be harmed by such confusion or reverse confusion, as the case may be, and Defendants have and will continue to unjustly benefit from such association.

37.   Defendants' use of the Infringing Mark has unjustly increased the profitability of Defendants' AU CONTRAIRE brand to the detriment of Plaintiff and at no cost to Defendants.

38.   Plaintiff will be further harmed as consumers have or will forego purchase of Plaintiff's TEETER-TOTTER wine as a result of reputational damage stemming, *inter alia*, from Defendant's use of the Infringing Mark in connection with inferior wine, resulting in a loss of sales to Plaintiff from Defendants' unfair competition.

39.   Defendants' continued infringing use of the confusingly similar Infringing Mark will harm Plaintiff financially by diminishing the value of both the TEETER-TOTTER word mark and the Teeter Totter Design Mark and endangering the marks' ability to serve as unique and distinctive source indicators for Plaintiff and/or Plaintiff's goods.

40.   Unless restrained by this Court, Defendants will continue to unfairly compete with Plaintiff by using the Infringing Mark, wherefore Plaintiff is without adequate remedy at law.

41.   This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

42.   Plaintiff has retained all rights in and to the copyright protected image embodied within the Teeter-Totter Design Mark, including the right to reproduce, distribute, display and create derivative works therefrom, as well as the exclusive right to license the Teeter-Totter Design Mark to others.

43.   On August 31, 2017, Teeter-Totter submitted the image contained in the Teeter-Totter Design Mark for copyright registration pursuant to 17 U.S.C. § 408. That application for matured into U.S. Copyright Reg. No. VA0002096166 issued on August 31, 2017.

8

44.     Upon information and belief, Defendants derived the Infringing Mark directly from the Teeter-Totter Design Mark, without authorization, for the purpose of directly competing with Plaintiff.

45.     Upon information and belief, Defendants have reaped and continued to reap substantial profits from their willful, infringing use of an unauthorized derivative of the Teeter-Totter Design Mark.

46.     Upon information and belief, at all times herein Defendants knew or reasonably should have known that the Teeter-Totter Design Mark was subject to copyright protection. Defendant Palm Wine Holdings nevertheless appropriated the design as its own, then unlawfully sought and obtained federal trademark registration for the Infringing Mark.

**FIRST CAUSE OF ACTION**
**(Federal Trademark Infringement – 15 U.S.C. § 1114)**
**(U.S. TM Reg. Nos. 4,557,117 and 5,428,362)**

47.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

48.     Defendants' actions constitute use in commerce of a mark similar to the marks registered as U.S. Trademark Reg. Nos. 4,557,117 (the "TEETER-TOTTER Word Mark") and 5,428,362 (the "Teeter-Totter Design Mark") (together, the "Federal Marks"), without the consent of Plaintiff, in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

49.     Despite knowledge of Plaintiff's superior right, priority and continued use of the Federal Marks, Defendants nevertheless continue to produce, promote, distribute, offer for sale and sell wine using the Infringing Mark and variations in U.S. commerce and within the State of California.

50.     Defendants' conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114.

51.     Consumers are and will continue to be confused and misled to believe that the Defendants' AU CONTRAIRE wine is affiliated with, associated with, connected to, or

sponsored by Plaintiff or its TEETER-TOTTER wine, or alternatively, that Plaintiff's TEETER-TOTTER wine is affiliated with, associated with, connected to, or sponsored by Defendants or its AU CONTRAIRE wine. Plaintiff is and will continue to be harmed by such confusion or reverse confusion, and Defendants have and will continue to unjustly benefit from such confusion or reverse confusion among consumers.

52.     Upon information and belief, Defendants' use of the Infringing Mark has unjustly increased the profitability of Defendants' AU CONTRAIRE brand to the detriment of Plaintiff and at no cost to Defendants.

53.     Upon information and belief, Plaintiff will be further harmed as consumers will purchase Defendants' wine branded with the Infringing Mark, believing it to be Plaintiff's wine and thereby forego purchase of Plaintiff's goods, resulting in loss of sales to Plaintiff from Defendants' unfair competition.

54.     Defendants' continued infringing use of the confusingly similar Infringing Mark has and will continue to harm Plaintiff financially by diminishing the value of Plaintiff's Federal Marks and endangering the ability of Plaintiff's TEETER-TOTTER mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

55.     Unless restrained by this Court, Defendants will continue to infringe and otherwise unfairly compete with Plaintiff by using the Infringing Mark, wherefore Plaintiff is without adequate remedy at law and thus is entitled to injunctive relief.

56.     This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

57.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

58.     In violation of 15 U.S.C. § 1125(a), Defendants' use of the Infringing Mark constitutes unfair competition through the use in commerce of a word, name or device, or false

designation of origin, that is likely to cause confusion or mistake or to deceive as to affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of the goods offered in connection therewith.

59.     Defendants knew, or should have known, of Plaintiff's rights, and Defendants' unfair competition was knowing, willful, and deliberate, making this an exceptional case under 15 U.S.C. § 1117.

60.     Plaintiff has been, and will continue to be, damaged by such unfair competition in a manner and amount that cannot be fully measured or compensated in economic terms. Defendants' actions have damaged, and will continue to damage, Plaintiff's rights, reputation and goodwill and may discourage current and potential customers and others from dealing with Plaintiff. Such irreparable harm will continue unless Defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

61.     Plaintiff has been damaged by Defendants' actions in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (CA State Trademark Infringement – Cal. Bus. & Prof. Code § 14245)
### (Teeter-Totter Design Mark, Cal. Reg. No. 122,196)

62.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

63.     Defendants' actions constitute use in commerce of a mark similar to Plaintiff's Teeter-Totter Design Mark, Cal. TM Reg. No. 122,196, without the consent of Plaintiff, in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

64.     Despite knowledge of Plaintiff's superior right, priority and continued use of the Teeter-Totter Design Mark, Defendants nevertheless continue to produce, promote, distribute, offer for sale and sell wine using the Infringing Mark within the State of California.

65.     Defendants' conduct constitutes trademark infringement in violation of California Business and Professions Code § 14245.

66.     Consumers are and will continue to be confused and misled to believe that the Defendants' AU CONTRAIRE wine is affiliated with, associated with, connected to, or sponsored by Plaintiff or its TEETER-TOTTER wine, or alternatively, that Plaintiff's TEETER-TOTTER wine is affiliated with, associated with, connected to, or sponsored by Defendants or its AU CONTRAIRE wine. Plaintiff is and will continue to be harmed by such confusion or reverse confusion, and Defendants have and will continue to unjustly benefit from such confusion or reverse confusion among consumers.

67.     Upon information and belief, Defendants' infringing use of the Infringing Mark has unjustly increased the profitability of Defendants' AU CONTRAIRE brand to the detriment of Plaintiff and at no cost to Defendants.

68.     Upon information and belief, Plaintiff will be further harmed as consumers will purchase Defendants' wine branded with the Infringing Mark, believing it to be Plaintiff's goods and thereby forego purchase of Plaintiff's goods, resulting in loss of sales to Plaintiff from Defendants' unfair competition.

69.     Defendants' continued infringing use of the confusingly similar Infringing Mark will harm Plaintiff financially by diminishing the value of the Teeter-Totter Design mark and endangering the ability of the Teeter-Totter Design Mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

70.     Unless restrained by this Court, Defendants will continue to infringe and otherwise unfairly compete with Plaintiff by using the Infringing Mark, wherefore Plaintiff is without adequate remedy at law and thus is entitled to injunctive relief.

71.     This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark and Trade Name Infringement)

72.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

73.     Defendants' above-averred actions constitute trademark infringement, trade name infringement, passing off, false designation of origin and unfair competition in violation of the common law of California and the United States of America.

74.     Plaintiff has no adequate remedy at law for Defendants' above-stated wrongful acts and thus is entitled to injunctive relief.

## FIFTH CAUSE OF ACTION

### (Contributory Trademark Infringement)

75.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

76.     Defendants sold and distributed wine and provided related goods and services to other Defendants and third parties using the Infringing Mark, thereby intentionally inducing others to infringe Plaintiff's trademarks.

77.     Defendants knew or had reason to know that such other Defendants' and third Parties' use of the Infringing Mark infringed Plaintiff's trademarks.

78.     Defendants had direct control and monitoring of the instrumentalities used in the infringement of Plaintiff's trademarks.

79.     Defendant's actions constitute contributory trademark infringement in violation of federal law and the common law of the State of California, and such infringement has damaged Plaintiff as recited above.

80.     The actions of Defendants will continue if not enjoined.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among others, diminution in the value of and goodwill associated with the TEETER-TOTTER word mark and Teeter-Totter Design Mark, and injury to Plaintiff's business.

81.     Upon information and belief, Defendants' actions were, and continue to be, deliberate and willful.

### SIXTH CAUSE OF ACTION

### (Vicarious Trademark Infringement)

82.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

83.     The conduct of Defendants and third parties involved in producing and distributing wine at Defendants' direction infringed Plaintiff's TEETER-TOTTER word mark and Teeter-Totter Design Mark.

84.     Defendants intentionally induced each other and third parties involved in producing and distributing wine at Defendants' direction to infringe Plaintiff's TEETER-TOTTER word mark and Teeter-Totter Design Mark.

85.     Upon information and belief, the infringement of Plaintiff's trademarks was conducted by agents of Defendants for the financial benefit of Defendants, and Defendants have the right and ability to supervise and control such infringing activity. Such infringement constitutes vicarious trademark infringement by Defendants in violation of federal law and the common law of the State of California, and such infringement has damaged Plaintiff as recited above.

86.     The actions of Defendants will continue if not enjoined.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among others, diminution in the value of and goodwill associated with the TEETER-TOTTER word mark and Teeter-Totter Design Mark, and injury to Plaintiff's business.

87.     Upon information and belief, Defendants' actions were, and continue to be, deliberate and willful.

### SEVENTH CAUSE OF ACTION

### (Copyright Infringement – 17 U.S.C. § 501)

88.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

14

89.     Plaintiff is the owner and exclusive copyright holder of the Teeter-Totter Design Mark, which is embodied in a creative work of authorship which Plaintiff subject of U.S. Copyright Reg. No. VA0002096166 issued on August 31, 2017 (Case No. 1-5776187401).

90.     The Teeter-Totter Design Mark is an original work of authorship and constitutes copyrightable subject matter.

91.     Plaintiff is, and at all relevant times has been, the copyright owner or exclusive licensee with respect to the Teeter-Totter Design Mark. Plaintiff has never assigned, licensed, or otherwise transferred any rights in the copyright to Defendants or any third party, nor has Plaintiff dedicated it to the public.

92.     By using the Infringing Mark, Defendants have, without permission or authority, knowingly and intentionally reproduced, distributed, displayed and created unauthorized derivative works derived from the Teeter-Totter Design Mark, including, without limitation, by printing it on wine labels, websites and other marketing materials.

93.     Upon information and belief, Defendants have, without permission or authority, indirectly and directly influenced others to reproduce, distribute, display and create unauthorized derivative works derived from the Teeter-Totter Design Mark, including, without limitation, on numerous websites offering AU CONTRAIRE wine for sale.

94.     Defendants' deliberate and unauthorized use of the Teeter-Totter Design Mark despite knowledge of a lack of authorization from Plaintiff constitutes willful violation of Plaintiff's rights.

95.     As a result of Defendants' infringement of the Plaintiff's copyright in the Teeter-Totter Design Mark, Plaintiff is entitled to actual damages and any additional profits of Defendants under 17 U.S.C. § 504 (a) and (b), and to its attorneys' fees and costs under 17 U.S.C. § 505.

96.     Upon information and belief, the aforementioned conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to

injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights, and ordering Defendants to destroy all infringing copies of the Teeter-Totter Design Mark and derivatives thereof, including embodiments of the Infringing Mark.

## **EIGHTH CAUSE OF ACTION**

### **(Contributory Copyright Infringement)**

97.    Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

98.    Upon information and belief Defendants, and each of them, without the permission or consent of Plaintiff, have participated in an ongoing, concerted effort to make available and distribute to the public unauthorized, infringing derivatives of the Teeter-Totter Design Mark.

99.    In so doing, Defendants have violated Plaintiff's exclusive rights of public display, reproduction, distribution and creation of derivative works.

100.    By participating in the foregoing activity, Defendants induced, caused, or materially contributed to the infringement of Plaintiff's copyright and exclusive rights under copyright by other individuals and entities.

101.    Plaintiff will seek to amend this Complaint once it has identified the DOE Defendants who have, without the permission or consent of Plaintiff, contributed to or participated in the infringement of Plaintiff's copyright.

102.    Defendants' acts of contributory infringement have been willful, intentional, in disregard of, and with indifference to the rights of Plaintiff.

103.    As a result of Defendants' contributory infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to actual damages and any additional profits of Defendants under 17 U.S.C. § 504 (a) and (b), and to its attorneys' fees and costs under 17 U.S.C. § 505.

104.    The aforementioned conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.

105.    Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights, and ordering Defendants to destroy all infringing copies of the Teeter-Totter Design Mark and derivatives thereof, including the Infringing Mark.

**NINTH CAUSE OF ACTION**

**(Vicarious Copyright Infringement)**

106.    Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

107.    Upon information and belief, Defendants purport to license and/or sublicense the right to use the Infringing Mark, which is an unauthorized derivative of the Teeter-Totter Design Mark, to third party entities and individuals without Plaintiff's authorization, which results in further infringement of Plaintiff's copyright by such third party entities and individuals.

108.    Upon information and belief, Defendants have a financial interest in the infringing activity of said third party entities and individuals using derivatives of the Teeter-Totter Design Mark, as Defendants ordered, commissioned, and/or paid for the production of infringing copies and collect payments for services and goods relating to their unauthorized use and licensing of the Infringing Mark.

109.    Upon information and belief, Defendants have the right and ability to supervise and control the infringing activity of said third party entities and individuals using derivatives of the Teeter-Totter Design Mark under license or sublicense.

110.    By participating in the foregoing activity, Defendants have vicariously infringed Plaintiff's copyright and exclusive rights under copyright through the infringing acts of other individuals and entities.

111.    Plaintiff will seek to amend this Complaint once it has identified the DOE Defendants who have, without the permission or consent of Plaintiff, infringed Plaintiff's copyright.

112.    Defendants' acts of vicarious infringement have been willful, intentional, in disregard of, and with indifference to the rights of Plaintiff.

113.    As a result of the aforesaid vicarious infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to actual damages and any additional profits of Defendants under 17 U.S.C. § 504 (a) and (b), and to its attorneys' fees and costs under 17 U.S.C. § 505.

114.    The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.

115.    Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further vicarious infringement of Plaintiff's copyright and ordering that Defendants cease their unauthorized activities in connection with the Infringing Mark.

## TENTH CAUSE OF ACTION

### (Unfair Business Practices – Cal. Bus. & Prof. Code § 17200)

116.    Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

117.    Upon information and belief, Defendants' use of the Infringing Mark on AU CONTRAIRE wine products and advertising fosters a misperception among consumers that Defendants' AU CONTRAIRE wine products share an origin with Plaintiff's TEETER-TOTTER branded wine products.

118.    Upon information and belief, Defendants' aforesaid actions were and continue to be deliberate and willful.

119.    Defendants' actions, including use of the Infringing Mark in commerce to advertise, market, and sell wine throughout the United States, and California, constitute unlawful, unfair or fraudulent business acts or practices, and unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq., and as a result Plaintiff has suffered and will continue to suffer damage to its business, reputation and goodwill.

120. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage.

**ELEVENTH CAUSE OF ACTION**

**(Cancellation of Trademark Reg. No. 4,757,065)**

121. Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

122. Defendants' use of the Infringing Mark infringes on Plaintiff's superior rights, and Defendants' federal registration of the Infringing Mark for wine is invalid as void *ab initio*, and the registration is therefore unenforceable. Defendant Palm Wine Holdings has improperly registered the mark with the USPTO despite knowledge of its lack of priority to the mark, and its registration should therefore be canceled.

123. Plaintiff's use of the TEETER-TOTTER word mark and the Teeter-Totter Design Mark in interstate commerce prior to the application date for Reg. No. 4,757,065 (for the Infringing Mark) acts as a bar to the federal registration and renders it void *ab initio* or otherwise invalid because use of the Infringing Mark cannot qualify for lawful use in commerce and the Infringing Mark is not entitled to federal registration.

124. Based upon the foregoing, Plaintiff is entitled to an order canceling federal Reg. No. 4,757,065.

**TWELFTH CAUSE OF ACTION**

**(Inequitable Conduct before the USPTO)**

125. Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

126. Upon information and belief, Defendant Palm Wine Holdings, through its attorneys, employees and agents, made material misrepresentations and/or omissions to the USPTO upon filing its Application Ser. No. 86/213,179, which eventually matured into Reg.

1    No. 4,757,065 for the Infringing Mark. For example, on March 6, 2014, and again on March

2    26, 2015 Defendant Palm Wine Holdings submitted a sworn statement to the USPTO that to

3    the best of its knowledge and belief, no other persons had the right to use the Infringing Mark

4    or confusingly similar marks in commerce.

5        127.    Upon information and belief, Defendants could not reasonably have been

6    unaware as of March 6, 2014 or thereafter, of Plaintiff's use of the TEETER-TOTTER word

7    mark and the Teeter-Totter Design Mark. A simple internet search for "teeter totter wine"

8    would have immediately revealed numerous references to Plaintiff's TEETER-TOTTER

9    branded wine bearing the Teeter-Totter Design Mark.

10       128.    Upon information and belief, Defendants intentionally misled the personnel at

11   the USPTO for the purpose of achieving federal registration of the Infringing Mark, intending

12   that the USPTO rely on the aforesaid misrepresentations, upon which misrepresentation the

13   USPTO did rely in order to issue to Reg. No. 4,757,065 to Defendant Palm Wine Holdings, but

14   for which misrepresentation such registration would not otherwise have issued.

15       129.    Upon information and belief, due to Plaintiff's priority of use and Defendant's

16   intentional misrepresentations before the USPTO, Application Ser. No. 86/213,179 should

17   never have issued and is void *ab initio*, and as a result should be cancelled from the federal

18   trademark register.

19       130.    As a direct and proximate result of Defendants' willful and intentional actions,

20   Plaintiff has suffered damages in an amount to be determined at trial, and, unless Defendants

21   are restrained and the subject registration cancelled, Plaintiff will continue to suffer irreparable

22   damage.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1.  That Defendants, their principals, partners, franchisees, agents, employees, licensees,

affiliates, distributors, producers, any parent and subsidiary companies, attorneys and

representatives and all of those in privity with or acting under their direction and/or

pursuant to their control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

    (a)    Using the Teeter-Totter Design Mark or any confusingly similar mark, including the Infringing Mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of alcohol beverage products, or products or services related to alcohol beverage products;

    (b)    Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendant are one in the same, or are in some way connected, or that Plaintiff is a sponsor of Defendants, or that the goods of Defendants originate with Plaintiff, or that Defendants are a sponsor of Plaintiff, or that the goods of Plaintiff originate with Defendants, or any other acts which are likely to lead the trade or public to associate Defendants with Plaintiff, or Plaintiff with Defendants;

2.  That Defendants be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3.  That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, neckers, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4.  That Defendants be ordered to recall all infringing products bearing the Infringing Mark in the marketplace from retailers;

5.  That Defendants be ordered to disgorge their wrongful profits or otherwise pay to Plaintiff monetary damages for the harm resulting from Defendants' unlawful acts, including compensation for Defendants' unauthorized use of Plaintiff's trademarks and copyrights, in an amount to be determined at trial;

6.  That Plaintiff's damages award be trebled and that Defendants be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7.  That Plaintiff be awarded punitive damages as a result of Defendants' conduct;

8.  That U.S. Trademark Registration No. 4,757,065 and any other state and/or federal registrations encompassing the Defendants' Infringing Mark be cancelled;

9.  That Defendants be ordered to pay Plaintiff the amount by which Defendants have been unjustly enriched, which amount is presently unknown and shall be determined at trial; and

10. That Plaintiff be granted such other and further relief as this Court shall deem just and equitable.


Dated: July 13, 2018

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY


By
    Christopher J. Passarelli
    Joy L. Durand

    1455 First Street, Ste. 301
    Napa, California  94559
    Telephone: 707-252-7122
    Facsimile: 707-255-6876

Attorneys for Plaintiff,
Teeter-Totter, LLC

1

<u>DEMAND FOR JURY TRIAL</u>

2

3

Plaintiff hereby requests a trial by jury in this matter.

4

5

Dated: July 13, 2018

6

Respectfully submitted,

7

DICKENSON, PEATMAN & FOGARTY

8

9

By

10

Christopher J. Passarelli
Joy L. Durand

11

1455 First Street, Ste. 301
Napa, California  94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

12

13

14

Attorneys for Plaintiff,
Teeter-Totter, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28